

The Omni
333 Earle Ovington Blvd, Suite 901
Uniondale, New York 11553
516.880.8484

Jessica Molinares Kalpakis
Senior Counsel
Direct:     516.880.8384
Fax:     516.880.8483
jmolinares@harrisbeachmurtha.com

July 23, 2025

**BY ECF**

Hon. Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Chana Adler on behalf of herself and her minor children v. Cheryl Feder in her capacity as the trustee of the SA 2021 Irrevocable Trust*
> Case No. 2:25-cv-2193

Dear Judge Komitee:

We represent Defendant, Cheryl Feder ("Defendant") in the above referenced action. We write in response to Plaintiff's July 16, 2025 letter (ECF No. 15), submitted pursuant to Your Honor's July 2, 2025 Order (ECF No. 14), which directed Plaintiff to show cause as to why the Complaint should not be dismissed for lack of subject-matter jurisdiction based on the domestic-relations abstention doctrine. Plaintiff has not demonstrated any basis for this Court to retain jurisdiction over claims that are inextricably intertwined with the ongoing matrimonial proceeding in New York Supreme Court. Under the doctrine of domestic-relations abstention, a federal district court should abstain from hearing a case if it "on the verge of being matrimonial in nature" and there is "no obstacle to [its] full and fair determination in state courts" *Deem v. Dimella-Deem*, 941 F3d 618, 623 (2d Cir. 2019). Additionally, even assuming diversity jurisdiction exists between Plaintiff and Defendant based on their residence in separate states, abstention remains appropriate. As the Second Circuit Court of Appeals has recognized:

"[E]ven if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field. A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."

*American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2nd. Cir. N.Y. 1990) (citing, *Bossom v. Bossom*, 551 F.2d 474, 475 (2nd Cir.1976) (per curiam).

Here, despite Plaintiff's efforts to reframe this action as one concerning trust mismanagement, the central question is whether the trust assets constitute marital property - a determination that lies squarely before the state court in the pending divorce proceedings between Plaintiff and Samuel Adler. Indeed, Plaintiff's counsel acknowledges that the state court is the

proper forum to determine martial assets, yet asserts - citing New York case law, that the trust assets are not marital property. In doing so, Plaintiff effectively asks this Court to adopt a position that directly encroaches on the state court's authority to determine that very issue in the pending divorce proceeding. (*See* ECF Doc. No. 15.) As the Court correctly noted in its July 2, 2025 Order, "the claims in [Plaintiff's] federal complaint will likely hinge on whether certain property was marital or non-marital," which is a determination pending in state court (ECF No. 14 at 2.) Federal courts routinely abstain from exercising jurisdiction in precisely these circumstances. *Deem v. Dimella-Deem*, 941 F3d 618, 623 (2d Cir. 2019).

Moreover, Plaintiff is not the beneficiary of the trust (Compl. ¶ 3). The trust's beneficiaries are Plaintiff's children with Mr. Adler, who are separately represented by counsel in the ongoing state court proceeding. Plaintiff's attempt to bring this complaint on behalf of her children is simply meritless and further confirms that the proper forum for resolving any dispute regarding the subject trust lies within the domestic-relations context already pending in state court.

We thank the Court for its consideration of this request.

Respectfully submitted,

Jessica Molinares Kalpakis

Copy: All counsel of record (by ECF)