UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

CHANA ADLER, on behalf of herself and
her minor children,

                              Plaintiff,

-against-

CHERYL FEDER, in her capacity as
Trustee of the SA 2021 Irrevocable
Trust,

                              Defendant.

**MEMORANDUM & ORDER**
25-CV-2193 (EK)(ST)

-------------------------------------x
ERIC KOMITEE, United States District Judge:

      On July 2, the Court directed the parties to show cause why the doctrine of domestic-relations abstention did not deprive it of subject-matter jurisdiction over this matter. ECF No. 14. Having considered the parties' submissions, the Court now concludes that it lacks subject-matter jurisdiction over (1) the plaintiff's conversion claim, and (2) her claim that her husband fraudulently conveyed marital assets into an irrevocable trust established for the benefit of her children.

## I. Background

      Plaintiff Chana Adler alleges that her husband Samuel established an irrevocable trust and appointed his sister Cheryl Feder as trustee. Compl. ¶ 1, ECF No. 1. While the trust ostensibly existed for the benefit of the Adlers' children, *id.*

¶ 3, Samuel Adler allegedly used it as his own "personal piggy bank." *Id.* ¶ 4. According to the complaint, he directed marital assets into the trust, only to later withdraw those assets for his own personal use. *Id.*

Chana Adler responded by suing Feder in her capacity as trustee. Suing both on her own behalf and on behalf of her children, she asserts claims for conversion, fraudulent conveyance, breach of the duty of loyalty, breach of the duty of care and prudence, breach of the trust agreement, and failure to provide an accounting. *Id.* at 18-24.

The conversion claim rests at least in part on the allegation that the property diverted into the trust constituted "joint marital property that belonged to [Chana and Samuel Adler] under New York law." *Id.* ¶ 85. Meanwhile, the fraudulent conveyance claim comes in two versions. The complaint alleges that Feder facilitated (1) fraudulent transfers of marital property *into* the trust, thereby injuring Chana Adler, and (2) fraudulent transfers *out* of the trust to Samuel Adler, thereby harming the trust beneficiaries. *Id.* ¶¶ 94, 96. The first version of this claim relies on the allegation that Feder "facilitated the fraudulent transfer of marital assets into the [trust] . . . without knowledge or consent of [Chana Adler]." *Id.* ¶ 94.

2

## II. Discussion

A federal court must examine its own jurisdiction *sua sponte*. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). A court may abstain from exercising its subject-matter jurisdiction if (1) a dispute is "on the verge of being matrimonial in nature," and (2) the claim is subject to "full and fair determination in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).[1]

### A. The Conversion Claim

The conversion claim falls within the domestic-relations abstention doctrine. This is because it hinges on Adler's assertion — and a judicial resolution thereof — that certain property contributed to the trust was marital property. *See, e.g.*, *Farkas v. D'Oca*, 857 F. Supp. 300, 304 (S.D.N.Y. 1994) (abstaining from civil RICO claim because predicate act involved alleged conversion of marital property).

Under New York law, a plaintiff bringing such a claim must show "legal ownership or an immediate right of possession to a specific identifiable thing." *See Giardini v. Settanni*, 159 A.D.3d 874, 875 (2d Dep't 2018). So, if Samuel Adler conveyed his *own* property to the trust, then Chana Adler would lack any cognizable property interest on which to base a

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

conversion claim. The upshot is that the viability of the conversion claim hinges on whether the allegedly converted property was marital. The claim is therefore "on the verge of being matrimonial in nature." *Am. Airlines*, 905 F.2d at 14; *see Farkas*, 857 F. Supp at 304.

No obstacle appears to the redress of the conversion claim in state court. A New York divorce court may, while making an equitable distribution of assets, determine whether either party engaged in a "wasteful dissipation of assets." N.Y. Dom. Rel. L. § 236(B)(5)(d)(12). It may also determine whether either party has made "any transfer or encumbrance . . . in contemplation of a matrimonial action without fair consideration." *Id.* § 236(B)(5)(d)(13). Thus, if the state court determines that these assets were converted, it can compensate Adler when equitably dividing the marital estate.

**B.   The Fraudulent Conveyance Claim**

Similar logic applies to Chana Adler's claim that Feder facilitated fraudulent transfers into the trust. When a plaintiff alleges that his or her spouse transferred property to limit the plaintiff's rights in an equitable distribution of the marital estate, New York courts have recognized a fraudulent conveyance claim. *E.g.*, *Swartz v. Swartz*, 145 A.D.3d 818, 826-27 (2d Dep't 2016). But again, this claim would rely on the allegation that the property was marital in the first place.

4

Indeed, Chana Adler's claim rests on the assertion that Samuel Adler conveyed marital property to the trust to impair her eventual share of the marital estate. Compl. ¶¶ 94-95.

For the reasons already discussed in the preceding section, there does not appear to be any obstacle to resolution of the fraudulent conveyance claim in state court. Because a New York divorce court may compensate one spouse for "any transfer or encumbrance . . . in contemplation of a matrimonial action without fair consideration," N.Y. Dom. Rel. L. § 236(B)(5)(d)(13), Chana Adler will have recourse in state court.

**C.   The Four Remaining Claims**

The four remaining claims do not fall within the domestic-relations abstention doctrine. These claims broadly concern Feder's management of the trust for the benefit of the Adler children, and do not hinge on whether the property in the trust is marital or non-marital.

Indeed, even if a state court were to conclude that Samuel Adler conveyed marital property to the trust, that would not place the four remaining claims "on the verge of being matrimonial." Under New York law, "trust assets are not considered marital property subject to equitable distribution where, as here, the parties are not trustees and have relinquished control over the trust assets." *Hofmann v.*

5

*Hofmann*, 155 A.D.3d 442, 442 (1st Dep't 2017); *see also* *Markowitz v. Markowitz*, 146 A.D.3d 872, 873 (2d Dep't 2017). The Court therefore will not abstain from hearing these four claims.

### III. Conclusion

For the foregoing reasons, the conversion claim, and the fraudulent conveyance claim as it applies to transfers into the trust, are dismissed without prejudice for lack of subject-matter jurisdiction.  Because some of the arguments raised in Feder's request for a pre-motion conference appear to apply solely to the claims dismissed herein, that request is denied with leave to renew.  If Feder still wishes, after reviewing this order, to file a motion to dismiss, she may submit a renewed request for a pre-motion conference.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 19, 2025
           Brooklyn, New York